IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **VONCEDRIC KELLEY II,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-1502 |
| **ANNE ARUNDEL COUNTY PUBLIC SCHOOLS,** *et al.,* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff VonCedric Kelley II, who is self-represented, filed this lawsuit in this Court against Anne Arundel County Public Schools ("AACPS") and Mark Bedell (collectively "Defendants"). ECF 1. Defendants filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. ECF 10. Despite having been notified of the motion and the potential consequences of failure to respond, Plaintiff has not filed a response and the time has now expired to do so. This Court has reviewed the briefing and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED.

### I.     FACTUAL BACKGROUND

The following facts are largely derived from Plaintiff's Complaint, which is not a model of clarity. ECF 1. As best this Court can ascertain, Plaintiff worked as a teacher for AACPS. *Id.* He was not paid all the money he was owed, and when he "took leave from work until [his] questions were answered, his employment was terminated." *Id.* at 6. He still was not paid all the money he was owed. *Id.* Moreover, other unnamed teachers copied his teaching tactics, including

ideas for clubs and field trips. *Id.* He also alleged having received unwanted communications from colleagues and students via social media. *Id.*

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Here, Defendants cite a lack of subject matter jurisdiction, citing Fed. R. Civ. P. 12(b)(1). *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.  ANALYSIS

Federal courts are courts of limited jurisdiction. Ordinarily a plaintiff must establish either diversity jurisdiction or federal question jurisdiction to permit this Court to hear the case. Diversity jurisdiction allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds ... $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, which "means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs.*, LP, 972 F.3d 344, 352 (4th Cir. 2020). Here, Plaintiff has specifically alleged that he and both Defendants are residents of Maryland. Thus, diversity is lacking.

Federal question jurisdiction exists where at least one of a plaintiff's claims is brought pursuant to the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. While Plaintiff's Complaint refers to several federal statutes, he has not alleged facts to plausibly state a claim under any of them. He refers to the "False Claims Act," 31 U.S.C. §§ 3729–3733, but has not explained how any fraud was perpetrated on the government by virtue of Defendants' actions in this case. Similarly, while he mentions the "Employee Retirement Income Security Act" (ERISA), he has not alleged any facts to establish a statutory violation or violation of a relevant

ERISA plan. Absent alleged facts suggesting a viable claim presenting a federal question, Plaintiff has not met his burden of proving the existence of subject matter jurisdiction in this federal Court.

### IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 10, is granted and Plaintiff's claims are dismissed without prejudice. This case will be closed. A separate Order follows.

Dated: August 26, 2024                               /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge